ROTHENBERG, J.
J.X. appeals the denial of his motion to suppress statements he provided to the police after being properly advised of his Miranda,[1] rights, which he freely and voluntarily waived. Because the trial court’s findings of fact come to us with a presumption of correctness, and because those findings are supported by the record, we affirm. See Cotton v. State, 901 So.2d 241, 245 (Fla. 3d DCA 2005) (holding that a trial court’s findings of fact must be accorded a presumption of correctness so long as they are supported by the record).
BACKGROUND
J.X.’s brother and another individual were arrested for committing two residential burglaries after being positively identified by an eyewitness. Two weeks after these arrests, Detective Henriquez summoned J.X., who was seventeen years old at the time, and J.X.’s mother to the police station on the suspicion that J.X. had been involved in the burglaries. After introducing himself to J.X. and J.X.’s mother, Detective Henriquez informed them that he wished to speak to J.X. because he believed J.X. was involved in the burglaries. Although the evidence is in dispute as to what occurred after J.X. and his mother were told why they had been summoned to the police station, the trial court found that J.X. unequivocally invoked his right to counsel by explicitly stating that he wanted a lawyer as soon as he realized he was being interrogated. Detective Henriquez then closed his case file and terminated the interview. As he was leaving the room, Detective Henriquez stated that he would go “deal with” J.X.’s brother instead. At this point, after being encouraged by his mother to cooperate, J.X. rein-itiated contact with Detective Henriquez by saying, “No, no, wait, don’t go, I’ll talk to you.” Detective Henriquez then fully advised J.X. of his Miranda rights by giving J.X. a form that contained a full recitation of those rights and by orally telling J.X. of those rights. After being advised of his rights, J.X. confessed to committing the burglaries and he was arrested.
J.X. moved to suppress his statements on competency grounds, arguing that he did not adequately understand the warnings provided to him, and thus he did not intelligently and voluntarily waive his rights as Miranda requires. After conducting an evidentiary hearing, the trial court rejected this assertion and found that J.X. was in fact competent. J.X. does not appeal the trial court’s findings as to his competency.
The trial court then made additional findings that J.X. had properly invoked his right to counsel by requesting an attorney, but had waived that right by reinitiating contact when Detective Henriquez began to leave the room. The State objected to these sua sponte findings, noting that J.X. *366 had never argued that he had been denied his right to counsel at any point in the proceedings below. The sole issue raised by J.X. in this appeal relates to the trial court’s sua sponte findings; specifically, J.X. contends that his right to counsel was violated. J.X. argues that after he invoked his right to counsel, Detective Henriquez engaged in the functional equivalent of an interrogation by informing J.X. and J.X.’s mother that the interview was over and by indicating that he would continue his investigation of J.X.’s brother.
DISCUSSION
Generally speaking, when a suspect has requested assistance of counsel, that suspect is not subject to further interrogation until counsel has been provided. Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). While direct questioning of a suspect is the clearest example of an interrogation, “the term ‘interrogation’ under Miranda refers ... also to any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response.” Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); State v. Lebron, 979 So.2d 1093, 1094-95 (Fla. 3d DCA 2008). However, even if a suspect initially invokes his right to counsel, that right is effectively waived “if the individual is the one responsible for reinitiating contact with the police.” Sapp v. State, 690 So.2d 581, 584 (Fla.1997) (citing Edwards, 451 U.S. at 484-85, 101 S.Ct. 1880). Thus, the issue is whether Detective Henriquez’s actions — terminating the interview, leaving the room, and indicating that he intended to continue his investigation of J.X.’s brother after J.X. asked for an attorney— were reasonably likely to elicit an incriminating response from J.X., and therefore constitute an interrogation.
Where a suspect, as here, reinitiates contact with law enforcement after he has invoked his right to counsel, and states that he now wishes to speak with the police without counsel, the analysis focuses on whether the suspect’s decision was made knowingly, voluntarily, and intelligently. State v. Hunt, 14 So.3d 1035, 1039 (Fla. 2d DCA 2009). In this case, the trial court found that when J.X. requested a lawyer, Detective Henriquez immediately terminated the interview, closed his case file, got up to leave, and mentioned that he was going back to discuss things with J.X.’s brother as he walked out. The trial court concluded that J.X. freely and voluntarily reinitiated his contact with Detective Henriquez, that J.X.’s decision to speak with Detective Henriquez was not due to any threat or coercion by the detective, and that the statements made by J.X. were made after he freely, voluntarily, and knowingly waived his Miranda rights, which were properly explained to J.X. in his mother’s presence and with her approval.
The State correctly notes that all arguments raised by J.X. in this appeal are based on certain findings made by the trial court, over the State’s objection, on grounds not raised below by J.X. in his motion to suppress. Thus, the State contends'.that the trial court’s sua sponte consideration of the issues raised by J.X. in this appeal was error. J.X. does not object to the trial court’s consideration of his right to counsel, the issue he failed to raise below. J.X. does, however, disagree with the trial court’s findings regarding this issue, arguing that Detective Henriquez’s actions constitute an impermissible interrogation after J.X. invoked his right to counsel.
First, we note that J.X. bears a heavy burden to demonstrate error, as the trial court’s factual findings are given *367 great deference. See Connor v. State, 803 So.2d 598, 608 (Fla.2001) (holding that while mixed questions of law and fact are reviewed de novo, a trial court’s determination of historical facts must be accorded a presumption of correctness so long as they are supported by the record). Although the State contends the trial court erred by sua sponte raising and considering issues not raised by J.X. in his motion to suppress, we need not address this argument because in this case, even if the trial court erred, there is no prejudice to the State because the trial court’s findings favor the State.
As to the findings made by the trial court to which J.X. objects, the trial court specifically found that Detective Henri-quez’s actions were not made as a threat to J.X. or his brother, and that it was only after encouragement by his mother that J.X. reinitiated contact with Detective Henriquez. Indeed, the trial court found that as soon as J.X. invoked his right to counsel, Detective Henriquez immediately terminated the interrogation, as Miranda requires, and it was only after J.X. called him back into the room that Detective Henriquez interrogated J.X. any further. These findings are supported by the record, and thus the trial court’s finding that J.X. freely and voluntarily waived his Miranda rights after he invoked his right to counsel was not error.
Accordingly, we affirm the trial court’s denial of J.X.’s motion to suppress his statements based on: (1) J.X.’s competency to waive his Fifth and Sixth Amendment rights; and (2) the trial court’s finding that J.X. freely and voluntarily waived his Miranda rights after he initially invoked his right to counsel.
Affirmed.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).